# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **2:19-cv-01930-ACA** |
| ] | |
| **GEORGE DRYWALL, INC., et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

The United States filed this action against Defendant George Drywall, Inc. ("George Drywall"); George Drywall's nominee and alter ego Defendant Jorge Lopez; Mr. Lopez's wife, Defendant Nancy Lopez; Mr. Lopez's brother, Defendant Wilfredo Lopez;[1] Defendant Old Cahaba Residential Association, Defendant Ditech Financial, LLC, and Defendant Marjam Supply of Alabama, LLC ("Marjam Supply").[2] (Doc. 1). The government seeks to reduce George Drywall and Mr. Lopez's unpaid tax liabilities for the 2005, 2006, and 2007 tax years to judgment, a declaration that the government's tax liens are enforceable against two

---

[1] To avoid confusion, the court refers to Jorge Lopez as "Mr. Lopez" and to Wilfredo Lopez by his full name.

[2] Two other defendants have been dismissed at the United States' request (docs. 12, 16) because the government discovered that one no longer held any interest in the properties at issue (doc. 11) and one disclaimed any interest in the properties (doc. 14).

pieces of real property, to foreclose on the liens and sell the properties, to determine the relative priority of liens and claims of the other defendants to those pieces of property, and to distribute the proceeds of the sale of the properties in accordance with those interests. (Doc. 1 at 9).

The government has filed an unopposed motion for summary judgment against George Drywall, Mr. Lopez, and Ms. Lopez, seeking to reduce George Drywall and Mr. Lopez's tax liabilities to judgment and permission to enforce the government's federal tax liens against two properties in which Mr. Lopez has an interest. (Doc. 71). The government has also filed a motion for default declaratory judgment against Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial, seeking a judgment that none of them have any interest in the two properties. (Doc. 65).

The court **GRANTS IN PART** the motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** that George Drywall and Mr. Lopez are jointly and severally liable for George Drywall's unpaid federal corporate income tax liabilities totaling $2,875,941.68 as of December 8, 2021; that the government has valid liens on the two properties at issue; and that the government may foreclose on the liens. But to the extent the motion for summary judgment requests a decree of foreclosure, order of sale, or order directing the distribution of proceeds of the sale, the court **DENIES** the motion because that request is premature. Moreover, because

the allegations in the complaint do not support the government's requested relief in its motion for default judgment, the court **DENIES** the motion for a default declaratory judgment against Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial.

I.   BACKGROUND

George Drywall, Mr. Lopez, and Ms. Lopez all answered the complaint and participated in this case up until the government filed its motion for summary judgment. (*See* doc. 32). Although they did not oppose the government's motion for summary judgment, the court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). The court has therefore "reviewed all of the evidentiary materials submitted in support of the motion for summary judgment," *id.*, and will describe the facts the government proved against George Drywall, Mr. Lopez, and Ms. Lopez, "draw[ing] all inferences and review[ing] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Because Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial failed to answer the complaint, they are deemed to have admitted the

allegations contained in it.  *See* Fed. R. Civ. P. 8(b)(6); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  The court will therefore describe the allegations against them as set out in the complaint.

<u>1.</u>  <u>The Evidence Relevant to George Drywall, Mr. Lopez, and Ms. Lopez</u>

In 2000, Mr. and Ms. Lopez purchased real property located at 111 Cahaba Club Drive, Helena, Alabama 35080 as joint tenants with right of survivorship.  (Doc. 72-6).  The legal description of the property is "Lot 903, according to the Map and Survey of Old Cahaba Sector 9, as recorded in Map Brook 26, Page 149, in the Probate Office of Shelby County, Alabama."  (*Id.* at 1).  The court refers to this as the "Shelby County property."

At some point, Mr. Lopez began doing business as a sole proprietorship.  (Doc. 67 at 2 ¶ 3).  In 2006, George Drywall was incorporated.  (*Id.* at doc. 72-2 at 1–2 ¶¶ 2–3).  Although George Drywall was not formally incorporated until 2006, it filed corporate income tax returns in 2005, 2006, and 2007.  (Docs. 72-3 to 72-5).

In 2008, Mr. Lopez and Wilfredo Lopez purchased real property located in Chilton County.  (Doc. 72-7).  The legal description of the land is:

> Begin at the Northeast Corner of the Northwest Quarter of the Northeast Quarter of Section 4, Township 22 North, Range 12 East, Chilton County, Alabama.  Thence South 00 degrees 14 minutes 14 seconds East 665.98 feet to an iron pin; thence North 89 degrees 05 minutes 56 seconds West 2663.99 feet to an iron pin; thence North 01 degrees 27 minutes 24 seconds East 649.80 feet to the Northwest Corner of the Northwest Quarter of said section and a concrete and a concrete monument; thence South 89 degrees 26 minutes 49 seconds East

> 2644.51 feet back to the point of beginning. Lying and being situated part in the Northwest Quarter of the Northeast Quarter and part in the Northeast Quarter of the Northwest Quarter of Section 4, Township 22 North, Range 12 East, Chilton County, Alabama. Containing 40.083 acres more or less. Subject to any and all rights of way and or easements of record and or prescriptive.

(*Id.*). The court refers to this as the "Chilton County property."

Also in 2008, the government assessed various penalties against George Drywall and in 2009, after conducting examination audits of the 2005, 2006, and 2007 tax forms, the government determined that George Drywall owed $699,519.80 in taxes for 2005, $25,162 in taxes for 2006, and $49,953 in taxes for 2007, along with additional penalties and interest. (Doc. 72-10 at 2). George Drywall did not pay its tax liabilities. (Doc. 72-9 at 4 ¶ 8). Mr. Lopez has stipulated that he is the nominee and alter ego of George Drywall and that he is liable for its unpaid federal corporate income tax liabilities for the 2005, 2006, and 2007 tax years. (Doc. 67 at 4 ¶ 17). As of December 8, 2021, the total tax liability, including penalties and interest, was $2,875,941.68. (Doc. 72-9 at 5 ¶ 10).

In 2010, the government issued notices of intent to levy for each of the three tax years at issue. (Doc. 72-10 at 5, 11, 17). Later that year, when George Drywall did not pay, the government filed notices of federal tax liens for $1,402,350.60 against George Drywall and Mr. Lopez with the Shelby County Judge of Probate and the Chilton County Judge of Probate. (Docs. 72-12, 72-14). In 2012, the government filed notices of federal tax liens for $1,406,400.60 against Mr. Lopez,

5

as the nominee and/or alter ego of George Drywall, with the Shelby County Judge of Probate and the Chilton County Judge of Probate.[3]  (Docs. 72-13, 72-15).  These tax liens covered tax years 2005, 2006, and 2007.  (Docs. 72-12 to 72-15).

In 2018, Mr. Lopez sold his interest in the Chilton County property to Wilfredo Lopez.  (Doc. 72-8 at 1–3).  In 2020, Ms. Lopez disclaimed her interest in the Shelby County property.  (Doc. 64 at 2 ¶ 7).

The government filed this lawsuit against George Drywall, Mr. Lopez, Ms. Lopez, Wilfredo Lopez, Marjam Supply, Old Cahaba Residential Association, and Ditech Financial, seeking to reduce George Drywall's tax liabilities to judgment, to enforce the government's tax liens against the Shelby County and Chilton County properties, to determine the relative priority of the parties' liens and claims, and to direct the distribution of the proceeds of a sale of the properties.  (Doc. 1 at 9).  After the government filed this lawsuit, it stipulated that Marjam Supply has a priority interest in any proceeds of a forced sale of Mr. Lopez's property based on the existence of a civil judgment against Mr. Lopez.  (Doc. 10).

---

[3] The total balance in the 2012 notices included tax year 2009.  (Docs. 72-13, 72-15). (Docs. 72-13, 72-15).  The 2009 taxes are not an issue in this case.  (*See* doc. 1 at 9 ¶ A). Subtracting the inapplicable $4,050 from $1,406,400.60 yields the $1,402,350.60 that the government seeks to reduce to judgment, matching the notices of tax liens filed in 2010.  (*See* docs. 72-12, 72-14).

1. <u>Factual Allegations Relevant to Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial</u>

The complaint alleges that Old Cahaba Residential Association has an interest in the Shelby County property because it recorded homeowner association liens on that property with the Shelby County Judge of Probate. (Doc. 1 at 4 ¶ 13). And Ditech Financial Services holds the mortgage on the Shelby County property. (*Id.* at 4 ¶ 14). As for the Chilton County property, the complaint alleges that Wilfredo Lopez purchased it with Mr. Lopez in 2008. (*Id.* at 8 ¶ 30).

**II.   DISCUSSION**

The government seeks a summary judgment reducing to judgment George Drywall and Mr. Lopez's liability for George Drywall's unpaid federal corporate income tax liabilities, in a total of $2,875,941.68 as of December 8, 2021; declaring that federal tax liens attached to the Shelby County and Chilton County properties; and declaring that the government is entitled to order a sale of the property to satisfy the liens. (Doc. 73). The government seeks a default judgment that Wilfredo Lopez has no interest in the Chilton County property and that Old Cahaba Residential Association and Ditech Financial have no interest in the Shelby County property. (Doc. 65). The court will address the motion for default judgment first, followed by the motion for summary judgment.

1. Default Judgment Against Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). After Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial failed to answer the complaint in this case, the Clerk entered Rule 55(a) defaults against them. (Docs. 20, 22). Accordingly, as long as each defendant is not an infant or an incompetent person and the well-pleaded allegations in the complaint state a claim for relief that would survive a motion to dismiss for failure to state a claim, the court may enter a default judgment against that defendant. Fed. R. Civ. P. 55(b); *Surtain*, 789 F.3d at 1245; *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] None of the default defendants are infants or incompetent, so the court will address the merits of the complaint. (*See* doc. 65-1 at 2 ¶ 4).

"When evaluating a motion to dismiss, a court looks to see whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Surtain*, 789 F.3d at 1245 (quoting *Ashcroft v.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

8

*Iqbal*, 556 U.S. 662, 678 (2009)) (some quotation marks omitted) (alteration in original).  A claim to relief is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In this case, the complaint does not allege that Wilfredo Lopez, Old Cahaba Residential Association, or Ditech Financial engaged in any wrongdoing, nor does the government actually assert any cause of action against any of them.  (*See generally* doc. 1).  Indeed, the complaint acknowledges that each has an interest in the properties at issue, either through a lien, a mortgage, or partial ownership.  (*See id.* at 4 ¶¶ 13–14, 4 ¶ 16).  The government originally sought to "[d]etermine the relative priority of the liens and/or claims of the parties to this suit to the" Shelby County and Chilton County properties.  (*Id.* at 9 ¶ E).  It did not seek to invalidate any of their interests.  (*See generally id.*).  In the government's motion for default judgment, however, the government seeks a declaration that Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial have no interest in the properties.  (Doc. 65 at 8).

9

The government attempts to reconcile the inconsistency between the complaint and the motion by arguing that the complaint alleged only that the defaulted defendants "*may have had* an interest in the Subject Properties." (Doc. 65 at 7) (emphasis in original). But the complaint actually alleged that Old Cahaba Residential Association had homeowner association liens recorded with the Shelby County Judge of Probate; that Ditech Financial holds the mortgage on the Shelby County property; and that Wilfredo Lopez jointly owns the Chilton County property with Mr. Lopez. (Doc. 1 at 4 ¶¶ 13–14, 8 ¶ 30). Those are the facts that the defendants admitted by their failure to answer. *See Surtain*, 789 F.3d at 1245. And those facts do not support entry of a declaratory judgment that the defendants have no interest in the properties. *See id.* Accordingly, the court **DENIES** the motion for default judgment.

### 2. Summary Judgment Against Mr. Lopez, Ms. Lopez, and George Drywall

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue." *Deal v. Tugalo Gas Co., Inc.*, 991 F.3d 1313, 1324 (11th Cir. 2021).

The government's motion for summary judgment proceeds in several steps. First, the government contends that its tax assessments against George Drywall are

valid. (Doc. 73 at 13–15). Second, it asserts that because Mr. Lopez is the nominee and alter ego of George Drywall, Mr. Lopez is also liable for the tax assessments. (*Id.* at 10). Third, because Mr. Lopez owned the Shelby County and Chilton County properties when the government made its valid tax assessments, it has tax liens on those properties. (*Id.* at 15–17). And fourth, under 26 U.S.C. § 7403, the court may order the sale of both properties. (*Id.* at 18–20). The court will address each step in turn.

The first step is to determine the validity of the government's assessments. "An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness . . . ." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The government's certification of assessment and payments is "presumptive proof of a valid assessment." *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir. 1989). Once the government has presented a presumptively valid assessment, the burden shifts to the taxpayer to "prove [the assessment] to be actually in error." *Pollard v. Comm'r*, 786 F.2d 1063, 1066 (11th Cir. 1986).

Here, the government presented certifications of assessment and payment for George Drywall for the 2005, 2006, and 2007 tax years. (Doc. 72-10). George Drywall, Mr. Lopez, and Ms. Lopez did not present any evidence or argument

11

contesting the validity of the assessments. Accordingly, the court finds that the assessments are valid. *See Chila*, 871 F.2d at 1017–18; *Pollard*, 786 F.2d at 1066. Mr. Lopez stipulated that he is the nominee and alter ego of George Drywall and that he is liable for its unpaid federal corporate income tax liabilities for the 2005, 2006, and 2007 tax years. (Doc. 67 at 4 ¶ 17). Accordingly, the court finds that Mr. Lopez is jointly and severally liable for those tax assessments. The court **GRANTS** the motion for summary judgment and **WILL ENTER A SUMMARY JDUGMENT** that George Drywall and Mr. Lopez are jointly and severally liable for George Drywall's unpaid federal corporate income tax liabilities from the 2005, 2006, and 2007 tax years, totaling $2,875,941.68 as of December 8, 2021.

A person's failure "to pay any tax" after the government's demand for payment creates "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The government presented evidence that it demanded payment from George Drywall and that Mr. Lopez is George Drywall's nominee and alter ego. (Doc. 72-10 at 5, 11, 17; doc. 67 at 4 ¶ 17). Accordingly, the government had a lien on all property belonging to Mr. Lopez as of the date of the assessments in 2009. 26 U.S.C. §§ 6321, 6322; *Shades Ridge Holding Co. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability.").

Mr. Lopez owned, at least in part, both the Shelby County and the Chilton County properties when the government made its assessments. (*See* docs. 72-6, 72-6). With respect to the Shelby County property, Mr. and Ms. Lopez owned the property jointly, but Ms. Lopez has since disclaimed any interest in the property. (Doc. 72-6; doc. 64 at 2 ¶ 7). Mr. Lopez is therefore the only owner of the Shelby County property. Accordingly, the court **GRANTS** the motion for summary judgment and **WILL ENTER A SUMMARY JUDGMENT** that the government has a valid lien on the Shelby County property.

With respect to the Chilton County property, Mr. Lopez and Wilfredo Lopez owned the property jointly. (Doc. 72-7). The government concedes that each had a one-half interest in the property until 2018, when Mr. Lopez sold his one-half interest to Wilfredo Lopez, who now owns the property in its entirety. (*See* doc. 73 at 17; *see also* doc. 72-8). The government contends, however, that because it filed its notices of liens in 2012, before the transfer in 2018, the lien remains attached to the Chilton County property despite the change in ownership. (Doc. 73 at 19).

"The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere." *United States v. Bess*, 357 U.S. 51, 57 (1958); *see also Cum Onere*, Black's Law Dictionary (11th ed. 2019) (defining *cum onere* to mean "[w]ith the burden. An item acquired *cum onere* is

13

taken subject to existing burdens and charges"). Because the government had a properly recorded lien on the Chilton County property before Mr. Lopez conveyed his interest in it to Wilfredo Lopez, the lien remains attached to the Chilton County property. *See Bess*, 357 U.S. at 57. Accordingly, the court **GRANTS** the motion for summary judgment and **WILL ENTER A SUMMARY JUDGMENT** that the government has a valid lien on the Chilton County property.

The government contends that under 26 U.S.C. § 7403, the court can order the sale of both the Shelby County and the Chilton County properties. Where the government has a tax lien on property, the court may "decree a sale of such property, . . . and a distribution of the proceeds of such sale." 26 U.S.C. § 7403(c). No party has voiced any objection to the government's request to foreclose the liens and force sales of the two properties. Accordingly, the court finds that foreclosure of the liens and a forced sale of the properties is appropriate.

However, the government also seeks an order from this court declaring that the defaulted defendants have no interest in the two properties and that the net proceeds of the sales can be distributed first to Marjam Supply and second to the United States. (Doc. 73 at 18–19). As discussed above, the court has denied the motion for default judgment with respect to Old Cahaba Residential Association, Ditech Financial, and Wilfredo Lopez's interests in the properties. Moreover, the evidence supports a finding that Wilfredo Lopez retains a one-half interest in the

Chilton County property that would entitle him to a part of the proceeds of the sale of that property. Accordingly, the court finds that it would be premature to enter a decree of foreclosure, order of sale, or order directing the distribution of the net proceeds and **DENIES** that part of the motion for summary judgment.

### III.   CONCLUSION

The court **DENIES** the government's motion for a default judgment against Wilfredo Lopez, Old Cahaba Residential Association, and Ditech Financial. The court **GRANTS IN PART** the government's motion for summary judgment against George Drywall, Mr. Lopez, and Ms. Lopez. The court **WILL ENTER SUMMARY JUDGMENT** that George Drywall and Mr. Lopez are jointly and severally liable for George Drywall's unpaid federal corporate income tax liabilities for the 2005, 2006, and 2007 tax years, totaling $2,875,941.68 as of December 8, 2021; that the government has valid liens on the Shelby County and Chilton County properties; and that the government may foreclose on the liens. But the court **DENIES** the motion for summary judgment to the extent the motion seeks a decree of foreclosure, order of sale, or order directing the distribution of the net proceeds.

**On or before March 28, 2022**, the government must notify the court whether it intends to file any further motions regarding the relative priority of any claims to the property and distribution of any net proceeds of the sale or whether it will instead file a proposed decree of forfeiture and judicial sale of the property, which sets forth

the manner in which the sale proceeds are to be distributed, the publication requirements, bidding procedures, and the manner and time of said sale.

The court will enter a separate partial judgment consistent with the opinion and order.

**DONE** and **ORDERED** this March 14, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE